### SANDERS *v.* CITY OF STARKVILLE.

[91 South. 422. No. 22537.]

1. MUNICIPAL CORPORATIONS. *Void provision of ordinance extending limits of city as to time of taking effect did not invalidate entire ordinance.*

     A provision in an ordinance extending the corporate limits of a municipality that it shall take effect from and after its passage, being in conflict with the provisions of section 3302, Code of 1906 (section 5798, Hemingway's Code), is invalid, but this does not render the entire ordinance invalid, and where the statutory requirements for the enactment, publication, and promulgation of such an ordinance have been complied with, it will become operative at the expiration of the time limit prescribed by said section 3302, Code of 1906, and it cannot be collaterally attacked by one who has waived his right of appeal from the action of the municipal authorities in passing the ordinance.

2. MUNICIPAL CORPORATIONS. *Ordinance extending limits not subject to collateral attack by one who waived statutory right of appeal from ordinance.* ⎯

　　An ordinance of a municipal corporation extending its corporate limits cannot be collaterally attacked, on the ground that its municipal authorities have not, as provided by section 3305, Code of 1906 (section 5801, Hemingway's Code), inquired into the fact of publication and notice of the ordinance of extension, and adjudged that the same was made according to law, by one who has waived his right of appeal from the ordinance under section 3303, Code of 1906 (section 5799, Hemingway's Code).

APPEAL from chancery court of Oktibbeha county.

HON. A. J. MCINTYRE, Chancellor.

Suit by J. W. Sanders against the city of Starkville. From decree dissolving temporary injunction and awarding damages, plaintiff appeals. Affirmed.

*Daniel & Green,* for appellant.

Section 3301 of the Code of 1906, provides the manner in which property may be added to an existing municipality; the succeeding section 3302, specifically provides that: "The ordinance provided for in the preceding section shall not become operative until one month after the passage thereof and until the same shall have been published in some newspaper of the city or town for three weeks, etc.

The purpose being that any person aggrieved by the ordinance, might have an opportunity of taking an appeal from it. The next, section 3303, provides that such appeal from the ordinance can be taken only: "At any time before it or they become operative, etc., so that the only opportunity one has to take an appeal from such an ordinance to the circuit court, must be before it or they become operative."

So section 3305 specifically provides: "If appeal be not prosecuted from the ordinance or ordinances, the municipal authorities shall, at the expiration of the time therefor (one month), inquire into the fact of the publication of the notice and adjudge whether the same had been

made according to law, and such finding, if made in good faith shall be conclusive, and if adjudged to have been made and given, the same shall thereupon, at the expiration of one month from the passage thereof, become operative. Now the same section provides if appeal shall be taken, such ordinance shall become operative when the higher court affirms the ordinance of the city.

Now is was clearly the intention of the lawmaker that this highly penal statute should not become effective or operative for one month after the passage of such an ordidance and until the municipal authorities, at the next monthly meeting, had duly canvassed the publication of the ordinance and in good faith, spread an order upon its books declaring that such ordinance had been duly published. When these two things had been done, the ordinance became effective; until those two things had been done, such ordinance should not take effect and be in force. Other ordinances, for good cause shown, may become effective and be in force at once as provided by section 3404, but the last-named section cannot apply to the extension of municipal limits, because the sections first mentioned, 3301 to 3305, inclusive, privide a different rule.

Notwithstanding this specific requirement, the municipality, as shown by section 3 of its ordinance, page 6 of the record: Section 3—"That for good reason shown and because of urgent necessity, this ordinance shall take effect from and after date of its passage."

This was clearly and distinctly in violation of the letter and spirit of the law as shown by the section of the Code of Mississippi mentioned. This is not all the glaring error and irregularity made in the attempt to pass the ordinance extending the municipal limits. The testimony of T. J. Gunn, the municipal clerk, shows: 1.—"That the ordinance or attempted ordinance upon which the city is relying, was never spread upon the municipal ordinance book—see last answer of Mr. Gunn at the bottom of page 39 of the record. Section 3407 provides that such ordinance shall be kept in a well-bound book for that specific

purpose and our court in *Rich* v. *McLaurin,* 87 Miss. 91, says this book shall contain all ordinances which are, in their natures, laws of the municipality."

So that briefly stating, the court is called upon to say whether or not a municipality, in extending its corporate limits, may ignore sections 3301 to 3305 inclusive, of the Mississippi Code of 1906, and whether or not one may be deprived of one's property without due process of law.

In drafting the ordinance, the municipality undertook to comply with section 3404, which applied to emergency cases in the ordinary run of municipal ordinances, but failed to make proper proof as required by said section. It also failed to record this ordinance, which in all probability was the second most important ordinance the municipality ever passed, in a well-bound book to be styled "Ordinances of the City of Starkville," etc.

Is it not enough to encumber one's property valued at thirty thousand, five hundred dollars with a municipal debt of one hundred and sixty-four thousand dollars by a good ordinance, in which the law is strictly observed in its passage, and is it not too much to expect to sell one's property at tax sale for taxes to the amount of five hundred sixty-four dollars and twenty-five cents under an ordinance like this, wherein a property-owner is precluded the right of taking appeal to the higher court?

Injunction was the only remedy left for appellant. This injunction was sued out to restrain the city from the sale of appellant's property for taxes levied under this defective ordinance, and the case should be reversed and a judgment entered in this court for appellant.

*Magruder, Walker & Martin,* for appellee.

It is the general rule that the validity of proceedings to annex territory to a municipality should be attacked by *quo warranto,* and that unless the annexation proceedings are absolutely void as for want of jurisdiction, they are not subject to collateral attack. This principle was fol-

lowed by the supreme court of this state in the case of *Adams* v. *Lamb-Fish Lumber Company*, 103 Miss. 491-450. The court there held that in a proceeding for the collection of taxes by the state revenue agent where the town of Charlestown had passed proper ordinances, given notice as required by statute, and proceeded to act upon the basis that annexation had been made; that the legality of annexation cannot be called into question by a collateral proceeding.

Appellant's first contention is covered by section 3798 of the Hemingway Code of Mississippi of 1917; true, section 3 of the ordinance extending the limits of the city of Starkville, provided that it should take effect from and after its passage, but section 5798 of the Hemingway Code, provides that such an ordinance cannot take effect for one month after its passage and then only after publication for three weeks. We take the same position as the learned chancellor in the lower court, see page 30 of the record; that is that the provision of section 3 of the ordinance could not take effect and is absolutely nugatory and without effect.

Mr. A. B. Harrington, a witness for appellant, J. W. Sanders, testified that the ordinance was published three weeks as required by law, see page 10 of the record, and the learned chancellor in his opinion, on page 30 of the record, stated that the proof shows that three weeks, notice was properly given. Appellant had ample opportunity to protest against the extension and made no protest and has had his day in court, his remedy was by appeal as provided by statute and failing in this, he cannot now be heard to assail the validity of this ordinance of annexation.

Cook, J., delivered the opinion of the court.

This appeal presents a suit against the city of Starkville seeking to enjoin it from collecting taxes on property included in an ordinance extending the corporate limits of the municipality. From a decree of the court below dissolving the temporary injunction and awarding damages, this appeal was prosecuted.

On the 17th day of December, 1917, the city of Starkville, · Miss., through its mayor and board of aldermen, adopted an ordinance extending the corporate limits of the municipality in an easterly direction so as to include within the municipal limits a large amount of improved property, including the John M. Stone Cotton Mill property which was owned by appellant. This ordinance was duly published as required by statute, and no protests or objections to the ordinance having been made, and no appeal therefrom having been prosecuted, on the 1st day of October, 1918, the mayor and board of aldermen passed an ordinance levying taxes on all property within the corporate limits as extended. Thereafter appellant filed his bill of complaint alleging that the ordinance extending the corporate limits of the municipality is invalid, and seeking to restrain the city from collecting the taxes assessed against his property.

Section 3 of the ordinance, extending the limits of the municipality, provides "that, for good reasons shown and because of urgent necessity, this ordinance shall take effect from and after its passage," and appellant's attack on the validity of the ordinance is directed principally at this section. Section 3301, Code of 1906 (section 5797, Hemingway's Code), provides the manner in which property may be added to an existing municipality; and the succeeding section 3302, Code of 1906 (section 5798, Hemingway's Code), provides:

"The ordinance provided for in the preceding section shall not become operative until one month after the passage thereof, and until the same shall have been published in some newspaper of the city or town for three weeks, if there be a newspaper therein, and if none, then a newspaper having a general circulation therein for that time, and in other events by posting a written or printed copy of the ordinance or ordinances of said city or town in not less than three public places for said time, when it or they shall become operative, unless an appeal be prosecuted."

Section 3305, Code of 1906 (section 5801, Hemingway's Code), provides that:

"If appeal be not prosecuted from the ordinances or ordinance, the municipal authorities shall, at the expiration of the time therefor, inquire into the fact of the publication and the notice, and adjudge whether the same has been made according to law, and such finding, if made in good faith, shall be conclusive, and if adjudged to have been made and given the same shall thereupon, after the expiration of one month from the passage thereof, become operative."

Appellant contends that, since section 3 of the ordinance here in question is in conflict with the statutes providing that such ordinances shall not take effect until the expiration of one month after their passage, the entire ordinance is thereby rendered invalid. We do not agree with this contention. The statutes regulating the enactment of ordinances extending the corporate limits of municipalities definitely fix the time when such ordinances shall take effect, and prescribe exactly what shall be done by the municipal authorities before such ordinances shall become operative, and the municipal authorities have no authority to put such ordinances into effect at a date earlier than that prescribed by these statutes. The statute fixing the time when such ordinances shall take effect must control, and, since section 3 of the ordinance here involved is in direct conflict with the positive mandate of the statute, it is invalid, but this does not render the entire ordinance invalid. The municipal authorities having complied with the mandatory requirements in the enactment, publication, and promulgation of the ordinance, it became operative at the expiration of the time prescribed by statute, and, since appellant failed to exercise his statutory right of appeal before the ordinance took effect, he cannot now attack it in this collateral proceeding.

The next contention presented by appellant is that the ordinance is not valid and will not bind him, because the record does not show that the municipal authorities inquired into the fact of the publication of the ordinance and notice thereof, and adjudged that the same was made ac-

cording to law, as provided in section 3305, Code of 1906 (section 5801, Hemingway's Code). The appellant had the right of appeal from the action of the municipal authorities in passing the ordinance, and, having waived that right, he cannot now collaterally attack the ordinance upon the ground that the municipal authorities have not, as provided by section 3305, Code of 1906 (section 5801, Hemingway's Code), inquired into the fact of publication and notice of the ordinance of extension, and adjudged that the same was made according to law. *Adams* v. *Lamb-Fish Lumber Co.,* 103 Miss. 491, 60 So. 645.

*Affirmed.*